UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No. _____8:21-cv-00133_____

BRANDI L. SMITH, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

INTEGRA CONNECT, LLC,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

**NOW COMES**, BRANDI L. SMITH, individually, and on behalf of all others similarly situated, through her undersigned counsel, complaining of INTEGRA CONNECT, LLC, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

1

4. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. BRANDI L. SMITH ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Lutz, Florida.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

9. INTEGRA CONNECT, LLC ("Defendant") is a limited liability company organized under the laws of the State of Florida.

10. Defendant is a provider of specialty medical services, including emergency medical services.

11. Defendant maintains its headquarters in West Palm Beach, Florida.

12. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4898.

15. At all times relevant, Plaintiff's number ending in 4898 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

17. In or around December 2020, Damon Smith, Plaintiff's son, received a bill in the mail to Plaintiff's home address from Defendant relating to ambulance services.

18. Unfortunately, Damon Smith previously passed away in 2008.

19. Curious as to why Plaintiff's deceased son received a bill for recent ambulance services, Plaintiff placed a call to Defendant.

20. Plaintiff was informed that the bill was for ambulance services for Damon Smith in July 2019 ("subject debt").

21. Plaintiff then explained to the representative that her son passed away in 2008 and neither she nor her son has used any ambulance services in years.

22. Specifically, Damon Smith has been deceased for over 10 years and therefore could not render services in 2019.

23. The representative then advised Plaintiff to disregard the bill and not to worry about it.

24. However, after Plaintiff phoned Defendant to advise of her situation, Plaintiff started to receive unwanted and unconsented to telephone calls from Defendant.

25. Plaintiff answered a telephone call from Defendant and was required to say "hello" before experiencing a pause and being connected to a live representative.

26. One connected, Plaintiff explained to the representative that she previously spoke to Defendant back in December 2020 and notified them that her son was deceased and the bill could not be for him. Furthermore, she requested that the telephone calls cease.

27. Only a few days later, Plaintiff checked her telephone and noticed that Defendant had left her a pre-recorded voicemail. The voicemail stated in part:

> "Hello. This is a call from AMR's Customer Care Center regarding a recent medical transportation. Please visit our patient engagement portal at www.myemsaccount.com to manage your account. Again, that's www.myemsaccount.com. Thank you and have a nice day."

28. Frustrated with Defendant's incessant calls, Plaintiff placed yet another call to Defendant in an attempt to stop the unwanted and unconsented to collection calls.

29. Plaintiff was greeted by a rude representative who indicated that Plaintiff's situation was "not his problem" and that Plaintiff "needed to pay her bills."

30. Plaintiff again reiterated her request that the telephone calls stop.

31. Despite Plaintiff's request that the collection calls cease, Defendant has continued its unwanted and unconsented to collection calls, including prerecorded calls, from the phone number (866) 835-6638.

32. In the calls that Plaintiff did not answer, Defendant would leave prerecorded voicemails similar to the prerecorded messages described above.

33. In total, Defendant has placed no less than ten (10) phone calls to Plaintiff's cellular phone number ending in 4898 from December 2020 through the present utilizing a prerecorded voice without Plaintiff's consent.

34. Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge

Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

35. Due to Defendant's refusal to comply with Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel the phone calls to cease.

## CLASS ALLEGATIONS

36. Paragraphs 14 through 35 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

37. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

### TCPA Class

All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) after he/she requested that Defendant cease calls to his/her cellular telephone number; (5) within the four years preceding the date of this complaint through the date of class certification.

38. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

39. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

40. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

41. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

42. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.     Commonality and Predominance**

43. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

44. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

45. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.     Superiority and Manageability**

46. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

47. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

48. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

49. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

50. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

51. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

52. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and the Members of TCPA Class)

53. Paragraphs 14 through 35 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

54. Defendant placed or caused to be placed no less than ten (10) non-emergency calls, from December 2020 through the present, to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

55. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

56. Upon information and belief, Defendant does not maintain an effective system to process and honor consumer cease requests.

57. Specifically, as pled above, Defendant ignored Plaintiff's requests that the collection calls cease.

58. As pled above, Plaintiff was harmed by Defendant's unlawful phone calls.

59. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

**WHEREFORE**, Plaintiff on behalf of herself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C. an order enjoining Defendant from placing further violating calls to consumers;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F. an award of such other relief as this Court deems just and proper.

### COUNT II:
### Violations of the Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq.*)
### (on behalf of Plaintiff)

64. Paragraphs 14 through 35 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

65. Subsection 559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

66. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after Plaintiff requested that the calls cease.

67. Defendant's frequent collection calls were placed with the intent to harass Plaintiff and pressure Plaintiff into making payment on the subject debt.

68. Plaintiff was harassed and abused by Defendant's incessant collection calls.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Fla. Stat. § 559.72(7);

B. an award of actual damages sustained by Plaintiff as a result of Defendant's violations;

C. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

DATED: January 18, 2021                    Respectfully submitted,

**BRANDI L. SMITH**

By: *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com